## HALL v. DILWORTH.

(Supreme Court, Appellate Term, First Department. March 17, 1916.)

1. APPEAL AND ERROR ⬲930(1)—REVIEW—EVIDENCE.
   One for whom verdict was rendered must, on appeal, be given the benefit of the most favorable inferences that can reasonably be drawn from the evidence.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755, 3756, 3758; Dec. Dig. ⬲930(1).]

2. MUNICIPAL CORPORATIONS ⬲706(7)—USE OF STREET—COLLISION OF AUTO WITH PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where one, on alighting from a street car projecting into the street, which it had crossed, walked in the rear of the car and was struck by an auto, approaching rapidly and without warning on the wrong side of the street, he was not negligent as matter of law, but it is a question for the jury; any duty to look depending on whether he could reasonably have apprehended the danger.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⬲706(7).]

Action by George Hall, an infant, by William F. Hall, his guardian ad litem, against Dwight P. Dilworth. Judgment for plaintiff was affirmed on appeal, and defendant moves for reargument. Motion denied.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Myers, Kutner & Schuhmann, of New York City (William H. Wurts, of New York City, of counsel), for appellant.

Frank Case Hayden, of New York City (Edward W. Norris and C. Homer Ramsdell, both of New York City, of counsel), for respondent.

LEHMAN, J. The defendant seeks a reargument of the appeal, on the ground that the record shows that the plaintiff failed as a matter of law to show any absence of contributory negligence.

[1] The plaintiff, a boy of 15, testified that on the evening of the accident he rode home on a trolley car which stopped at St. Nicholas avenue and 145th street. The rear of the car extended about 10 feet beyond the westerly curb. The plaintiff alighted from the rear platform, walked to the rear of the car, and then turned south. He was struck almost immediately by a rapidly moving car. He testified that at that time he was one-half foot away from the rear of the car, and his companion testified that the plaintiff was at that time two feet from the rear of the car. The plaintiff did not look before he

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

turned south at the rear of the car. There is other credible testimony more favorable to the defendant, but upon this appeal we are bound to give the plaintiff the benefit of the most favorable inferences that can reasonably be drawn from the evidence.

[2] The case in this aspect presents a question of law, viz., whether as a matter of law it was negligent for the plaintiff to turn to the south in the rear of the car, without looking to see whether an automobile was approaching from that direction. If the plaintiff's story is true, the automobile was approaching from the south on the wrong side of the street, it was proceeding at a rapid rate past a car which had stopped to let passengers alight, and it was giving no warning of its approach. No automobile could have been at the place where the plaintiff was struck, unless it was proceeding with the grossest negligence. It is true that, even though the automobile which struck the plaintiff was being operated in a grossly negligent manner, such negligence would not absolve the plaintiff from the necessity of showing that he himself was free from any negligence; but the question presented by this case is whether the plaintiff was, as a matter of law, required to exercise any vigilance to avoid a danger which could exist only if some other person was guilty of gross negligence.

The cases cited by the defendant establish only the rule that a pedestrian who proceeds across a street without exercising in any way his faculty of sight is negligent as a matter of law. They proceed upon the theory that a pedestrian must reasonably foresee that vehicles may be using the roadway, and must exercise a degree of vigilance commensurate with the danger reasonably to be apprehended. In this case the plaintiff had undoubtedly a right to alight from the rear platform of the car, although at that time he could not see any vehicles approaching from the south; he had unquestionably a right to go behind the car, instead of walking to the west side of St. Nicholas avenue, if in so doing he exercised reasonable care. The law does not require that in proceeding to the south he must use his eyes all the time; it required him to use his eyes only where a man would, in the exercise of reasonable care, use his eyes. Whether or not it was the duty of the plaintiff to look to the south before turning back of the car depends upon the question of whether any man would reasonably apprehend danger from that corner. It was a fair question for the jury to decide whether the plaintiff could reasonably have apprehended that any driver would drive his car on the wrong side of the avenue within two feet of the rear of a car which had stopped without giving some warning of its approach.

Motion for a reargument, or leave to appeal to the Appellate Division, is therefore denied. All concur.